UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Carrie Donoghue,<br><br>                  Plaintiff,<br>   v.<br><br>Synchrony Bank f/k/a GE Capital Retail Bank;<br>and DOES 1-10, inclusive,<br><br>                  Defendants. | Civil Action No.: 1:14-cv-1907<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Carrie Donoghue, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.     The Plaintiff, Carrie Donoghue ("Plaintiff"), is an adult individual residing in Rushville, Indiana, and is a "person" as defined by 47 U.S.C. § 153(39).

4.     Defendant Synchrony Bank f/k/a GE Capital Retail Bank ("Synchrony"), is a California business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual collectors employed by Synchrony and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Synchrony at all times acted by and through one or more of the Agents.

## FACTS

7. In or around October 2014, Synchrony began calling Plaintiff in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

8. The calls were placed to Plaintiff's cellular phone, number 765-xxx-5387.

9. The calls were placed from telephone number 330-433-5039.

10. When Plaintiff answered the phone, she was met with a period of silence followed by an automated click at which point the call was transferred to a Synchrony operator.

11. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

12. Plaintiff acknowledges the existence of the Debt, but is without adequate means with which to repay it.

13. Plaintiff spoke with a live representative in October 2014, whom she advised that she was experiencing financial difficulties and could in no way afford to pay the Debt at that time. Plaintiff further advised that she would repay the Debt as soon as her financial condition improved and requested that all calls to her cease.

14. Despite being advised that Plaintiff was unable to pay the Debt and requested to stop the calls, Synchrony continued to place automated calls to Plaintiff at an excessive and harassing rate, calling Plaintiff daily, two to three times per day.

15. The calls caused Plaintiff a great deal of frustration and intruded on her right to be free from unwanted invasions. Plaintiff was ultimately forced to retain the assistance of counsel in an effort to stop the calls.

16. Plaintiff went online and removed her cellular telephone from her account in an effort to get the calls to cease.

17. Nonetheless, Synchrony continued making automated calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et. seq.*

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. At all times mentioned herein and within the last year, Synchrony called Plaintiff on her cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

20. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

21. Defendants' telephone systems have some earmarks of a Predictive Dialer.

22. When Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

23. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

25. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

    C. Such other and further relief as may be just and proper.

29. **JURY TRIAL DEMANDED ON ALL COUNTS**

Dated: November 19, 2014

    Respectfully submitted,

    By /s/ Amy L. Cueller

    Amy L. Cueller, Esq., #15052-49
    LEMBERG LAW, L.L.C.
    1100 Summer Street, 3rd Floor
    Stamford, CT 06905
    Telephone: (203) 653-2250
    Facsimile: (203) 653-3424
    E-Mail: acueller@lemberglaw.com
    Attorneys for Plaintiff